[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Charles Curry pleaded guilty to two counts of cocaine possession in violation of R.C. 2925.11, one count of cocaine trafficking in violation of R.C. 2925.03, and one count of unlawful possession of a dangerous ordnance in violation of R.C. 2923.17. For possessing cocaine, Curry received a five-year prison term for each offense. He received a one-year prison term for the trafficking offense and a six-month prison term for unlawfully possessing a dangerous ordnance. The court ordered the terms to be served consecutively. Before imposing the sentence, the court stated that it was not imposing the shortest period of incarceration because to do so would demean the seriousness of Curry's conduct-Curry was "a major drug dealer"-and that the shortest sentence would not adequately protect the public. But the court did not impose the maximum sentence for any of the offenses.
In Curry's sole assignment of error, he contends that his sentence was contrary to law. He argues that because he had not previously served time in prison, the trial court should have imposed the shortest term of imprisonment. It is undisputed that Curry had not previously served a prison term
A trial court must "impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others," when an offender has not previously served a prison term.[1] Curry argues that the court has to provide "specific reasons" if it imposes more than the minimum prison term. Neither R.C. 2929.14(B) nor our previous decisions require the trial court to do more than state orally or in writing that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding * * * before it can lawfully impose more than the minimum authorized sentence."[2] The court simply "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons."[3] In this case, the trial court complied with R.C. 2929.14(B) when imposing more than the minimum prison term. We overrule Curry's assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] R.C. 2929.14(B).
[2] See State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131,133.
[3] See id. at 326, 715 N.E.2d at 134.